**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:05 CR 00204** |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **EDWARD JACKSON,** *et al.* | ) | **AND ORDER** |
| | ) | |
| **DEFENDANTS** | ) | |

This matter is before the Court upon the Motion for Amendment of Detention Order and Conditions of Release. See (Dkt. # 18).

**I.    BACKGROUND**

Special Agent William Leppla of the Department of Justice, Drug Enforcement Agency ("DEA"), appeared before United States Magistrate Judge William H. Baughman, Jr. on March 28, 2005 and swore out a criminal complaint against the defendants, Edward Jackson and Ernest Matthews, alleging violations of 21 U.S.C. § 841(a)(1), (b)(1)(B). See (Dkt. # 1). Magistrate Judge Baughman immediately issued arrest warrants for the defendants which were executed on March 28, 2005. See (Dkt. # 3).

Later that day, the defendants appeared before Magistrate Judge Baughman, represented by counsel, for initial appearances. See (Dkt. # 4). Upon oral motion of the Government, Magistrate Judge Baughman ordered the temporary detention of each defendant. See (Dkt. # 5).

Following a detention hearing held on March 31, 2005, Magistrate Judge Baughman issued an order placing Ernest Matthews into the custody of the Attorney General.[1] See (Dkt. # 7). Magistrate Judge Baughman additionally conducted a preliminary examination whereby he found probable cause for the case to be bound over to the Grand Jury for the United States District Court for the Northern District of Ohio (the "Grand Jury").

On April 27, 2005, the Grand Jury issued an Indictment charging the defendants with one count of possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

The instant motion ensued.

## II. LAW AND ANALYSIS

Section 3145 of the Bail Reform Act of 1966, 18 U.S.C. §§ 3141-3156, provides, in pertinent part:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In these circumstances, the district court applies a de novo standard of review. See United States v. Rueben, 974 F.2d 580, 585 (5th Cir. 1992); United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).

---

[1] Magistrate Judge Baughman ordered the Defendant Edward Jackson released on a $15,000.00 unsecured bond with pre-trial supervision and conditions. See (Dkt. # 7; Dkt. # 8).

Title 18 U.S.C. § 3142(e) provides that a person shall be detained pending trial if after a hearing, "the judicial officer finds that no condition or set of conditions will reasonably assure the person's appearance as required and the safety of any other individual and the community." 18 U.S.C. § 3142(e). Section 3142(e) further provides that "if the judicial officer finds there is probable cause to believe the person has committed a criminal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.," then there is a rebuttable presumption in favor of pretrial detention. See 18 U.S.C. § 3142(e). The statute mandates, however, that the presumption of innocence applies throughout the proceedings. See 18 U.S.C. § 3142(j).

The Indictment charges the Defendant, Ernest Matthews, with one count of possession with the intent to distribute 100 or more kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). See (Dkt. # 12). The statutory penalty for said offense is, *inter alia*, at least five years and not more than 40 years imprisonment. See 21 U.S.C. § 841 (b)(1)(B). In addition, the Government has indicated that it will seek to enhance the statutory penalty for the offense as a result of the Defendant's prior felony drug offense conviction thereby rendering the minimal statutory term of imprisonment at 10 years with a maximum term of life imprisonment. See (Dkt. # 33 at 4); 21 U.S.C. § 841 (b)(1)(B). It follows *a fortiori* that the rebuttal presumption of section 3142(e) applies to the case at bar. See United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985) (holding that indictment is sufficient to establish probable cause triggering the rebuttable presumption).

Title 18 U.S.C. § 3142 (g) requires the Court to consider various available information

-3-

in determining whether conditions exist that would reasonably assure the appearance of the defendant and the safety of the community. These factors include:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> 
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). Generally, the standard by which this Court determines whether a defendant should be detained pending trial or released under certain conditions is whether a preponderance of the evidence exists to show that the defendant is a risk of flight or nonappearance or whether clear and convincing evidence exists in order to find that a defendant is a danger to the community if released. See United States v. Cisneros, 328 F.3d 610, 616

(10th Cir. 2003). However, by application of the section 3142(e) rebuttable presumption, the Defendant shoulders the burden of production to show that his release would not create a risk of flight or a danger to the community.

Upon review of Defendant's motion and the proffers made at the detention hearing, the Court concludes that Defendant has not overcome the rebuttable presumption that no conditions or combination of conditions exist to reasonably assure his appearance and the safety of the community. While the Defendant seeks to challenge the Government's evidence, the record before the Court indicates that the Government has evidence tending to demonstrate: (1) that the Defendant was present in Tucson, Arizona in the company of the alleged drug traffickers prior to the arrest; (2) a cooperating witness informed law enforcement officers that the marijuana was being shipped from Tucson, Arizona to Cleveland, Ohio; (3) the Defendant was present when the cooperating witness arrived at the destination point with the marijuana – which was agreed to be at a "car wash" operated by the co-Defendant on Easter Sunday; (4) law enforcement officers observed the Defendant standing near the semi-tractor trailer while the co-Defendant and cooperating witnesses "unstrapped" the marijuana from a secreted compartment; and (5) a search of the Defendant during the arrest revealed approximately $3235.00 on his person. See (Tr. at 5, 7-8, 27, 43). Notwithstanding the apparent inaccuracies present in Special Agent Leppla's testimony during the detention hearing, compare (Tr. at 7) with (Dkt. # 18, Direct Examination of Dartanyan Thompson), the Defendant has failed to advance any facts that contradict the strong evidence offered against the Defendant.

Furthermore, courts have found that "drug offenders pose a special risk of flight and

dangerousness to society." United States v. Hare, 873 F.2d 796, 798-99 (5th Cir. 1989); United States v. Hinton, No. 04-3828, 2004 WL 2320333, (6th Cir. Sept. 20, 2004) (affirming district court detention order upon finding that rebuttable presumption does not vanish even though defendant comes forth with evidence to rebut the presumption as "court may continue to give the presumption some weight by keeping in mind that Congress has determined that drug offenders pose a special risk of flight and dangerousness to society.") (Internal quotations omitted). The danger is particularly acute in the present matter as the Defendant has two prior state drug law convictions and in one prior case a bond of forfeiture capias was issued in 1994 and the Defendant did not appear again until 1996. See (Dkt. # 33 at 7) (citing Tr. at 47).

The Court recognizes that the Defendant is gainfully employed and appears to have some ties to the community in the form of his wife and three children. However, Congress has imposed a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). The Defendant previously has been convicted of drug offenses. The Government has strong evidence that Defendant committed the charged offenses. The Defendant faces a lengthy – if not life sentence – upon conviction.

In light of these factors, the Court hereby orders that the Motion for Amendment of Detention Order and Conditions of Release, see (Dkt. # 18), be **DENIED**. The Defendant has not overcome the statutory rebuttable presumption that no conditions exist that would reasonably assure his appearance and the safety of the community.

**IT IS SO ORDERED**.

    **s/ Peter C. Economus - June 6, 2005**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**